# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JANA BRUNE                                                                             PLAINTIFF

v.                                            CAUSE NO. 1:18CV298-LG-RHW

TAKEDA PHARMACEUTICALS U.S.A.,
INC. and JOHN & JANE DOES 1-5                       DEFENDANTS

## ORDER DENYING MOTION TO REMAND

**BEFORE THE COURT** is the [8] Motion to Remand filed by Plaintiff Jane Brune. Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") filed a Response in Opposition, Brune filed a Rebuttal, and Takeda filed a Sur-Reply with leave of court. Plaintiff's Motion argues that Takeda's removal of this case was improper because a default judgment against Takeda had already been entered in the Circuit Court of Harrison County, Mississippi, thus Takeda effectively asks this Court to review the state court judgment in direct contravention of the *Rooker-Feldman* doctrine. Alternatively Plaintiff contends that Takeda waived its right to removal by seeking adjudication of the case merits by filing a motion to set aside the default judgment. Takeda responds that Fifth Circuit precedent permits removal and the *Rooker-Feldman* doctrine is inapplicable because no final state court judgment has been entered. In addition, Takeda maintains that it did not waive its right to removal because its motion to set aside the default judgment did not seek adjudication on the merits. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Plaintiff's Motion to Remand should be denied.

## I. BACKGROUND

Plaintiff filed this lawsuit in state court on January 12, 2017. After allegedly completing service of process on March 14, 2017, Plaintiff sought and was granted a Clerk's entry of default when Takeda apparently failed to respond to the complaint. Plaintiff thereafter moved for a default judgment. The state court conducted a hearing on the motion for default judgment on August 17, 2018. Plaintiff was granted a judgment by default in the amount of $2,394,490.00 on August 21, 2018. On September 5, 2018, Takeda filed a motion to set aside the default judgment in state court. Takeda then removed the case to federal district court on September 12, 2018, before the state court ruled on the motion to set aside the default judgment. Removal jurisdiction is based upon the diversity of the parties.

Takeda alleges in its Notice of Removal that it was never properly served in the state court and first received notice of the plaintiff's lawsuit when the state court mailed a copy of the default judgment to Takeda. The plaintiff's Motion to Remand, filed October 3, 2018, does not challenge this assertion or the related timeliness of removal. Rather, the Motion contends (1) that removal is improper after the state court has entered a default judgment and (2) that Takeda waived its right to remove the case once it filed the motion to set aside the default judgment in state court.

## II. DISCUSSION

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." *Gebbia v. Wal-*

– 2 –

*Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Brune is a citizen of Mississippi, and Takeda is a corporate citizen of Delaware – its state of incorporation – and Illinois – its principal place of business. Brune's complaint demands $1.9 million in compensatory damages.

Notwithstanding the uncontested existence of diversity jurisdiction, the plaintiff argues that removal of this case runs afoul of the *Rooker-Feldman* doctrine, under which "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). This doctrine, however, "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Under the *Rooker-Feldman* line of cases, federal statute defines 'final state court judgments' as those 'rendered by the highest court of a state in which a decision could be had.'" *In re Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992) (quoting 28 U.S.C. § 1257(a)). Therefore, "removal is simply not possible after a final judgment and the time for direct appellate review has run," *Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011).

However, in this case, the time for direct state court appellate review of the default judgment had not run at the time of removal. In fact, a motion to set aside the default judgment was still pending. Therefore, the *Rooker-Feldman* doctrine does not apply. Rather, "the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court." *Slaieh v. Zeineh*, 539 F. Supp. 2d 864, 866 n.2 (S.D. Miss. 2008) (quoting *Hawes v. Cart Prod., Inc.,* 386 F. Supp. 2d 681, 686 (D.S.C. 2005)); *see also Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (affirming the district court's order entered after removal that set aside a default judgment). "Once a case is properly removed, the federal court maintains exclusive jurisdiction and may entertain a motion for relief from . . . a state court default judgment under Rule 60(b)." *De La Pena v. Hill-Rom Co., Inc.*, No. Civ. A. SA-04CA0809-XR, 2004 WL 2538472, at *3 (W.D. Tex. 2004); *see also First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) ("A state court judgment in a case properly removed to federal court . . . can be vacated under Federal Rule of Civil Procedure 60(b).").

Plaintiff's argument regarding waiver is likewise unpersuasive. Takeda's motion to set aside the default judgment did not seek to adjudicate the merits of the case. Instead, the motion argued that the entry of the clerk's default and subsequent default judgment were invalid because Takeda had never been properly served with process. Thus, Takeda did not waive its right to remove merely by filing the motion to set aside the state court default judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Remand filed by Plaintiff Jane Brune is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of November, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE