# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JANA BRUNE**                                                              **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:18CV298-LG-RHW**

**TAKEDA PHARMACEUTICALS U.S.A.,
INC. and JOHN & JANE DOES 1-5**                                          **DEFENDANTS**

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

**BEFORE THE COURT** is the [18] Motion Set Aside Default and Default Judgment Under Rule 60 filed by Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda USA"). The Motion argues that the Entry of Default and Order on Default Judgment – both entered by the state court prior to removal – should be vacated pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and this case should be dismissed because Takeda USA was never properly served and the Court never had personal jurisdiction over Takeda USA. Additionally, and alternatively, Takeda USA maintains that the default should be set aside pursuant to Rule 55(c) because it has valid defenses on the merits to Plaintiff Jana Brune's claims. Because Plaintiff's response did not address Takeda USA's arguments concerning service and personal jurisdiction, the Court held the instant Motion in abeyance and ordered supplemental briefing, which the parties have now completed.

## I. BACKGROUND

Plaintiff filed this lawsuit in state court on January 12, 2017. After supposedly completing service of process on March 14, 2017, Plaintiff sought a

Clerk's entry of default when Takeda USA failed to respond to the complaint. Default was entered against Takeda USA, and Plaintiff thereafter moved for a default judgment. The state court held a hearing on the motion for default judgment on August 17, 2018. A default judgment in favor of the plaintiff was entered August 21, 2018. On September 5, 2018, Takeda USA filed a motion to set aside default judgment in state court. Takeda USA then removed this case to federal district court on September 12, 2018, before the state court ruled on its motion. Subject matter jurisdiction is premised upon the diversity of the parties.[1]

On November 30, 2018, Takeda USA filed the instant Motion to Set Aside Default and Default Judgment. Takeda USA contends that the state court's default judgment is void because (1) Plaintiff never served Takeda with process and (2) both this Court and the state court lack personal jurisdiction over Takeda USA. Alternatively, Takeda USA argues that the entry of default and default judgment should be set aside because (1) Takeda USA has a meritorious defense to Plaintiff's claims and (2) Takeda USA did not receive notice of the impending default judgment. Plaintiff's supplemental brief does not seriously contest Takeda USA's representations regarding the absence of proper service of process. However, Plaintiff's brief contends that Takeda USA employed Plaintiff as a sales representative in Mississippi. Takeda USA responds that its subsidiary – Takeda

---

[1] Brune demands $1.9 million in compensatory damages and is a citizen of Mississippi. Takeda is a corporate citizen of Delaware – its state of incorporation – and Illinois – its principal place of business. *See* 28 U.S.C. § 1332(a)(1).

– 2 –

Pharmaceuticals America, Inc. ("Takeda America") – was actually Plaintiff's employer.

## II. DISCUSSION

"A state court judgment in a case properly removed to federal court . . . can be vacated under Federal Rule of Civil Procedure 60(b)." *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding because "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *see also Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("An order 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law.'"); *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002) ("Subsection (4) of this rule embodies the principle that in federal court, a 'defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.'").

"If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside." *Thompson v. Deutsche Bank Nat'l Trust Co.,* 775 F.3d 298, 306 (5th Cir. 2014) (quoting *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.,* 804 F.2d 311, 314 (5th Cir.

1986)). It is undisputed that Plaintiff tried to serve Takeda USA by delivering summons and a copy of the complaint to CT Corporation in Flowood, Mississippi. Takeda USA has submitted the sworn affidavit of Brian Hickman, the Representation Services Advisor to CT Corporation. Hickman states that CT Corporation is not the registered agent for service of process for Takeda USA, so after CT Corporation received Plaintiff's summons and complaint, CT Corporation mailed Plaintiff's counsel a letter stating that Takeda USA was not listed on its records for the State of Mississippi. Hickman further states CT Corporation is the registered agent for service of process for Takeda America, but CT Corporation did not notify Takeda America of this lawsuit at the time because Takeda America was not listed on the summons or the complaint. Plaintiff has not submitted any evidence or made any argument to question the veracity of these sworn statements. On this record, the Court must conclude that Plaintiff never properly served Takeda USA. *See* Fed. R. Civ. P. 4(h).[2] The Default Judgment must accordingly be set

---

[2] Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
    **(1)** in a judicial district of the United States:
    **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
        **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
    **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4.

aside. The Court need not address Takeda USA's alternative bases for setting aside the default.

Because Plaintiff has only once attempted service of process, the Court will grant Plaintiff an additional opportunity to properly complete service. The information and documentation provided by Takeda USA in its briefing indicates that Takeda USA may not to be the party Plaintiff intended to sue. The Court will accordingly grant Plaintiff leave to amend her complaint to substitute parties should she wish to do so. Plaintiff is granted thirty (30) days within which to complete proper service upon any and all named defendants. This lawsuit may be dismissed without further notice to Plaintiff should she fail to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [18] Motion Set Aside Default and Default Judgment Under Rule 60 filed by Defendant Takeda Pharmaceuticals U.S.A., Inc. is **GRANTED**. The default judgment against Takeda Pharmaceuticals U.S.A., Inc. is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiff Jana Brune is grated a period of thirty (30) days from the date of this Order's entry within which to file an amended complaint and/or complete service of process.

**SO ORDERED AND ADJUDGED** this the 3rd day of April, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE