# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JANA BRUNE**                                          **PLAINTIFF**

**v.**                                **CAUSE NO. 1:18CV298-LG-RHW**

**TAKEDA PHARMACEUTICALS U.S.A.,**
**INC.; TAKEDA PHARMACEUTICALS**
**AMERICA, INC.; RAYF CLARK; and**
**JOHN & JANE DOES 1-5**                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the [36] Motion to Dismiss Plaintiff Jana Brune's

Amended Complaint filed by Defendants Takeda Pharmaceuticals U.S.A., Inc.

("Takeda USA"); Takeda Pharmaceuticals America, Inc. ("Takeda America"); and

Rayf Clark. The Motion argues that Brune's Amended Complaint should be

dismissed because (1) she failed to serve process in the time allotted by the Court in

the [28] Order Granting Motion to Set Aside Default Judgment and (2) she fails to

state a claim for which relief may be granted. Having considered the submissions of

the parties, the record, and relevant law, the Court finds that Defendants' Motion to

Dismiss should be granted because Brune has failed to state a claim.

## I. BACKGROUND

The Plaintiff filed this lawsuit in state court on January 12, 2017, Defendant

Takeda USA removed the case to federal district court on September 12, 2018, and

the Court entered an Order on April 3, 2019 that (1) set aside the default judgment

entered against Takeda USA in the state court and (2) granted Plaintiff thirty days

"within which to file an amended complaint and complete service of process." (Order Granting Mot. to Set Aside Default & Default J. 5, ECF No. 28.) Plaintiff thereafter filed her Amended Complaint on April 30, 2019, which added two new defendants – Takeda America and Rayf Clark – and included some additional factual allegations.

In the Amended Complaint, Brune alleges she was employed by Takeda USA and Takeda America as a sales representative in Mississippi from 2002 through April 2016. She says that she was a high-performing sales representative and often earned various performance-based awards and statuses in her performance reviews. However, says Brune, her work experience took a turn-for-the-worse when Rayf Clark became her district manager. Clark "constantly berated, verbally abused, cyber-bullied and badgered Plaintiff to the point she could no longer physically and mentally continue to work for Defendants, causing her severe anxiety and emotional distress with his antics, emails, and lies he spread to Plaintiff's employer and fellow employees." (Am. Compl. 5, ECF No. 29.)

Brune recounts several specific episodes. On February 9, 2016, Clark called her on the phone and proceeded to yell at and verbally abuse her, which reduced Clark to tears. Clark apparently apologized to Brune on February 22, 2016 for making her cry. On April 1, 2016, Clark sent Brune an email stating, "Per our discussion, if improvement is not observed during our next two-day field ride on April 14 and April 18 you will be placed on a Performance Improvement Plan. Moving forward it is important that you have an increased level of personal

ownership around your professional skills growth and business results." (*Id.* at 5-6.) This is despite the fact that, according to Brune, she was in the top 2% for a national contest and finished in the top 15% of the region in sales in 2016.

On May 28, 2016, Clark "forced Plaintiff, upon threat of termination, to meet him at Residence Inn in Gulfport . . . where he forced her to sign a '60 Day Plan' of improvement or she would be immediately fired from her job." (*Id.* at 6.) Plaintiff says that she repeatedly complained about Clark's treatment of Plaintiff to the human resources department and to "Takeda's Cultural Liaison," Max James (who reported Plaintiff's concerns to Quin Hatfield, the regional manager), but nothing was done to change Clark's conduct. (*Id.*) Plaintiff asserts that she was constructively terminated from her employment on or about April 15, 2016, presumably amidst the two-day field ride which would determine whether she was placed on a Performance Improvement Plan.

Brune accordingly asserts claims for constructive termination, defamation, and cyber harassment. She says Defendants' conduct – which did not follow established company policies – created a hostile work environment that forced her to leave her job. She contends that Clark and other of Defendants' employees "slandered and libeled Plaintiff's name and work ethic to other individuals and employees through their multiple communications and lies, both verbally and via email and other written communications."[1] (*Id.* at 8.) And she maintains that employees of Takeda America and Takeda USA "harassed, bullied, cyber-bullied

---

[1] Defamation is divided into two torts, including libel for written defamations and slander for oral ones. *Speed v. Scott,* 787 So. 2d 626, 631 (Miss. 2001).

and abused Plaintiff to the point she no longer felt safe working for Defendants."
(*Id.*)

Defendants filed the instant Motion to Dismiss on June 10, 2019. Defendants argue that Brune's Amended Complaint should be dismissed because she failed to file the Amended Complaint and serve the defendants within the thirty-day period prescribed by the Court's [28] Order. And Brune's addition of Rayf Clark is improper, say Defendants, because he is a non-diverse party and was known to Brune before she filed suit. Alternatively, Defendants contend that Brune has failed to state a claim for relief because she cannot state a claim for wrongful termination, defamation, or harassment/bullying/cyber-bullying.

## II. DISCUSSION

### a. Rayf Clark Will Be Dismissed as a Defendant

The addition of Clark as a defendant must be first addressed because it raises the issue of this Court's jurisdiction over the proceedings. Although a motion to dismiss may not be the proper procedural vehicle for addressing the addition of a diversity-defeating party here,[2] the Court is nonetheless required to police its own

---

[2] *See, e.g.*, *Parker v. CitiMortgage, Inc.*, No. 2:14CV173-KS-MTP, 2015 WL 2405168 (S.D. Miss. May 20, 2015) (striking the plaintiffs' first amended complaint for adding a non-diverse party that would destroy subject matter jurisdiction); *Wein v. Liberty Lloyds of Texas Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915 (W.D. Tex. Mar. 19, 2015) (same); *but see McKnight v. Orkin, Inc.*, No. 5:09CV17-DCB-JMR, 2009 WL 2367499, at *3 (S.D. Miss. July 30, 2009) (dismissing proposed substituted defendants named in amended complaint because their addition would defeat diversity jurisdiction); *but see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("When deciding whether a nondiverse defendant has been improperly joined because the plaintiff has failed to state a claim against him, the court must apply the analysis articulated in our *en banc* opinion in *Smallwood v. Illinois Central Railroad Co.*[, 385 F.3d 568, 573 (5th

subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Jurisdiction in this case is premised upon the diversity of the parties under 28 U.S.C. § 1332. (*See* Order Granting Mot. Set Aside Default & Default J. 2 & n.1, ECF No. 28.) Brune is a citizen of Mississippi. Takeda USA and Takeda America are not citizens of Mississippi, but Clark is. Clark's addition as a defendant therefore destroys the complete diversity of the parties.[3]

As a general rule, "jurisdictional facts are determined at the time of removal, and . . . post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.,* 746 F.3d 633, 636 (5th Cir. 2014) (citations omitted). However, 28 U.S.C. § 1447(e) imbues the Court with the post-removal discretion to either permit joinder of non-diverse defendants and remand the action to state court or deny joinder. Plaintiff contends that the Court's Order Granting Motion Set Aside Default and Default Judgment generally granted her leave to amend her pleadings as she saw fit. But this is not so. The Order did not grant Plaintiff leave to add non-diverse parties and cannot be reasonably read to do so. (*See* Order Granting Mot. Set Aside Default & Default J. 5, ECF No. 28 ("The

---

Cir. 2004]: 'Whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant . . . .'").

[3] Contrary to Plaintiff's "belie[f] . . . that the Court would exercise supplemental jurisdiction over any additional defendants added to this matter," 28 U.S.C. § 1367(b) makes clear that supplemental jurisdiction is not available when the Court's sole basis for subject matter jurisdiction is 28 U.S.C. § 1332.

information and documentation provided by Takeda USA in its briefing indicates that Takeda USA may not be the party Plaintiff intended to sue.  The Court will accordingly grant Plaintiff leave to amend her complaint to substitute parties should she wish to do so.").)  Rather, the Order clearly contemplated the possibility that Plaintiff had named the wrong corporate entity and afforded Plaintiff the opportunity to correct this potential mistake.

"When a plaintiff files an amended pleading that would destroy the court's jurisdiction, '§ 1447(e) requires the court to scrutinize the attempted amendment.'" *Parker v. CitiMortgage, Inc.*, No. 2:14CV173-KS-MTP, 2015 WL 2405168, at *2 (S.D. Miss. May 20, 2015) (quoting *Albritton v. W.S. Badcock Corp.,* No. 1:02cv378, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003)); *see also Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) ("The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'").  "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  "The court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  *Id.*

"In analyzing the first *Hensgens* factor, district courts often consider whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed." *Parker*, 2015 WL 2405168, at *3 (citing *Shelley v. Colo. State Univ.,* No. A-14-CA-516, 2015 WL 1004292, at *7 (W.D. Tex. Mar. 6, 2015); *Anzures v. Prologis Tex. I LLC,* 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *Weathersby v. Gen. Motors Corp.,* No. 4:04 cv 298, 2006 WL 1487025, at *3 (N.D. Miss. May 24, 2006)). If the plaintiff knew about the non-diverse party when he filed suit but omitted "that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'" *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015) (quoting *In re Norplant Contraceptive Prods. Liab. Litig.,* 898 F. Supp. 433, 435 (E.D. Tex. 1995)). It is clear that Brune knew about Clark when she filed her original complaint in state court on January 12, 2017. Clark is specifically identified as her district manager, and nearly every factual allegation in the original complaint concerns Clark's conduct. (*See* State Ct. R. 5-7, ECF No. 1-4.) In fact, there is no material difference between the factual allegations contained in the original Complaint and the Amended Complaint. It appears, therefore, that Brune's addition of Clark is primarily an attempt to destroy diversity.

"Several courts have also considered the viability of plaintiffs' claims against proposed defendants under the first *Hensgens* factor." *Parker*, 2015 WL 2405168, at *3 (citing *Anzures,* 886 F. Supp. 2d at 564; *McKnight v. Orkin, Inc.*, No. 5:09CV17-

DCB-JMR, 2009 WL 2367499, at *3 (S.D. Miss. July 30, 2009)). As will be explained *infra*, Brune fails to state a claim for relief (and the analysis is equally applicable to claims made against Clark). But even assuming that Brune has stated viable claims against Clark, the Court's assessment of the first *Hensgens* factor remains unchanged. *See Anzures*, 886 F. Supp. 2d at 564. Clark could have been named in the original Complaint, yet Brune only sought to make him a party after Takeda USA removed the proceeding to federal court (and after Brune had obtained a default judgment against Takeda USA in state court). The Court thus finds that the first factor weighs against allowing Clark's addition as a defendant.

Turning to the second *Hensgens* factor – whether Plaintiff has been dilatory in asking for amendment – the Court notes that the particularly long period of time between the filing of the Amended Complaint and the filing of the original Complaint is largely due to the fact that Plaintiff obtained a default judgment against Takeda USA in state court, which Takeda USA only learned about in August of 2018. Takeda USA promptly removed the case to federal court, after which Plaintiff unsuccessfully sought to have the case remanded, and Takeda USA successfully had the default judgment set aside. However, rather than concede that Takeda USA had not been properly served and seek to amend her allegations, Plaintiff spent seven months fighting to sustain her void default judgment. Courts have found considerably shorter delays to be dilatory. *See id.* at 565. But this case has yet to proceed to discovery. *See Parker*, 2015 WL 2405168, at *4 (citing

*Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 891 (S.D. Tex. 2010)). The Court finds this second factor to be neutral.

Finally, the third factor – whether plaintiff will be significantly injured if amendment is not allowed – does not weigh in Plaintiff's favor. Plaintiff's allegations put Clark as primarily acting within the course and scope of his employment for Takeda USA or Takeda America. Brune would therefore be entitled to recover against Takeda USA or Takeda America under a theory of respondeat superior (which she alleges) for Clark's tortious conduct. She will not be meaningfully limited in her ability to satisfy a judgment in this case.[4] This factor does not tip the scales in Brune's favor. *See id.* (citing *Wein*, 2015 WL 1275915, at *6; *Albritton*, 2003 WL 21018636, at *2).

Because the Court cannot discern any other equitable considerations bearing upon the joinder of Clark, the Court finds that the balance of the *Hensgrens* factors weighs against allowing his addition to this lawsuit. Clark will be dismissed as a defendant pursuant to 28 U.S.C. § 1447(e).

b. <u>Motion to Dismiss Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

---

[4] The dismissal of Clark also does not injure Brune because she has failed to state a claim for relief against any defendant. *See infra* § II(d).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

c. <u>Plaintiff's Delay in Amending her Pleadings and Serving Process Does Not Warrant Dismissal of her Amended Complaint</u>

As an initial matter, Defendants' argument that the entire Amended Complaint should be dismissed because Brune failed to amend her pleadings and serve process within the thirty-day period outlined in the Court's prior Order is misguided. Although she took 49 days to complete service of process, the filing of her Amended Complaint 27 days after entry of the Court's [28] Order indicated that she was taking steps towards compliance with the Order's mandate, however belatedly. Moreover, "the principle function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the court,' and decisions on the merits are not to be avoided on the

basis of mere technicalities.'" *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986)); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (5th Cir. 2017) ("[T]he district court should construe the procedural rules with a preference towards resolving the case on the merits and avoiding any dismissal based on a technicality."); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) ("Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims."). Brune's failure to complete service of process within the time-period outlined in the Court's [28] Order does not warrant dismissal of her Amended Complaint.

### d. Plaintiff Has Failed to State a Claim for Relief

Brune asserts three causes of action in her Amended Complaint: constructive termination, defamation (which she terms slander and libel), and cyber harassment. The Court will address each of Brune's asserted causes of action in turn.

### i. Constructive Discharge

Defendants argue that there is no independent cause of action for constructive termination under Mississippi law. They accordingly treat the claim as one for wrongful termination premised upon a constructive discharge and assert that Brune cannot state such a claim because she was an at-will employee. Brune disputes this contention but cannot overcome it.

Brune has not cited – and the Court has not found – any Mississippi law permitting an independent basis for recovery for constructive discharge. This is because "[c]onstructive discharge is not itself a stand-alone cause of action." *Mayfield v. Desoto Par. Police Jury*, No. CV 15-2374, 2017 WL 519684, at *3 (W.D. La. Feb. 6, 2017), *reconsideration denied,* No. CV 15-2374, 2017 WL 2295908 (W.D. La. May 25, 2017). Rather, constructive discharge is a method for proving wrongful termination or breach of contract or may otherwise constitute an adverse employment action in a Title VII lawsuit. *See*, *e.g*, *Penn. State Police v. Suders*, 542 U.S. 129, 143 (2004) ("We agree with the lower courts and the EEOC that Title VII encompasses employer liability for a constructive discharge."); *Guyton v. Madison Cty., Miss.*, No. 3:08CV294-TSL-JCS, 2009 WL 1491879, at *2 (S.D. Miss. May 28, 2009), *aff'd,* 360 F. App'x 553 (5th Cir. 2010) ("Guyton's claims for breach of contract, negligent breach of contract and deprivation of property interest are grounded on plaintiff's allegation that he was constructively discharged."); *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1245-46 (Miss. 2000) (addressing an alleged constructive discharge as the basis for a breach of contract or wrongful termination claim under Mississippi law). Brune's Amended Complaint cannot be reasonably construed to assert claims under Title VII, but it could be read as asserting wrongful termination or breach of contract claims.

"It is elemental that for there to be a breach of contract for wrongful termination, an employment contract must first exist." *Curl v. Compusa, Inc.*, No. 3:04CV529-BN, 2005 WL 1595663, at *3 (S.D. Miss. July 5, 2005). Although the

Court has not been provided with a copy of Brune's employment agreement, the parties seem to agree that she was an at-will employee (or at least Brune does not dispute that she is an at-will employee). "The general rule of employment at will is that a contract for employment for an indefinite period may be terminated at the will of either party, whether the termination is for any reason or no reason at all." *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So. 2d 25, 26 (Miss. 2003) (citations omitted). There are two exceptions to Mississippi's employment at will doctrine – *McArn v. Allied Bruce-Terminix Co.,* 626 So. 2d 603 (Miss. 1993) (holding that an employee terminated for refusing to participate in an illegal act or for reporting illegal acts of the employer may bring an action against his or her employer); *Bobbitt v. The Orchard, Ltd.,* 603 So. 2d 356 (Miss. 1992) (holding when an employer publishes and disseminates an employee manual to its employees, that manual may modify the basic at-will conditions absent express language to the contrary) – neither of which have been raised by Brune or appear to apply to the facts alleged. Because Brune is an at-will employee, she cannot state a claim for breach of contract or wrongful termination. *Curl*, 2005 WL 1595663, at *4

ii.   Defamation

Defendants make both a statute of limitations argument and a merits-based argument for dismissal of Brune's defamation claim.

A.   The Limitation Period Has Not Run

Claims for defamation have a one-year statute of limitations. Miss. Code. Ann. § 15-1-35. Brune filed her original Complaint in state court on January 12,

2017. Under Mississippi law, the filing of suit tolls the statute of limitations for 120 days. *Ochello v. Liberty Mut. Fire Ins. Co.*, 784 F. Supp. 2d 681, 685 (S.D. Miss. 2011) (citing *Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005)). The limitations clock will begin to run again after 120 days if the defendant has not been served with process. *Id.* However, an extension of time to serve process continues to toll the statute of limitations if granted for good cause. *Heard v. Remy*, 937 So. 2d 939, 943 (Miss. 2006). An extension of time to serve may be sought after the expiration of the 120-day period. *Adams v. MBA Found.*, No. 2018-CA-00497-COA, 2019 WL 2352288, at *3 (Miss. Ct. App. June 4, 2019). The plaintiff bears the burden of demonstrating good cause for the failure to serve process in a timely manner. *Id.* "If service is made within the additional time, the statute of limitations will not be held to have expired." *Heard*, 937 So. 2d at 943.

This Court has already determined that Brune failed to properly serve Takeda USA – the only named defendant in the original Complaint – prior to the case's removal to federal court. (Order Granting Mot. Set Aside Default & Default J. 3-5, ECF No. 28.) The record reflects that Brune served Takeda USA on May 22, 2019. (*See* Summons Returned Executed, ECF No. 31.) Thus, absent a finding that there is good cause for Brune's failure to timely serve process on Takeda USA, the limitation period has run on Brune's defamation claims.

Although Brune's [39] Response in Opposition to the instant Motion to Dismiss does not specifically request a good-cause-based after-the-fact extension of time to serve, the Court nonetheless construes her briefing as requesting such an

extension because she repeatedly maintains that the allegations in her Amended Complaint relate back to her original Complaint. This would be a moot point absent an extension of time to serve supported by good cause.

"To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (Miss. 2011) (citation omitted). The Mississippi Supreme Court has held that good cause exists in the following instances:

> [W]hen the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.

*Foss v. Williams*, 993 So. 2d 378, 379 (Miss. 2008). This case presents a close call, but Court finds good cause supports Plaintiff's failure to timely serve Takeda USA.

Plaintiff originally named Takeda USA as defendant, apparently under the belief that Takeda USA was her employer. Documents submitted to this Court demonstrate that Plaintiff received numerous employment-related documents bearing only Takeda USA's mark, and several of her superiors had only Takeda USA listed in their email signature line. It was, therefore, understandable that Plaintiff believed Takeda USA to be her employer (and thus, the proper party to be named for her claims).

Plaintiff proceeded to attempt service upon Takeda USA by delivering process to CT Corporation in Flowood, Mississippi, but it turns out that CT Corporation is only the registered agent for Takeda America and there is no registered agent in Mississippi for Takeda USA. CT Corporation mailed Plaintiff's counsel a letter stating that CT Corporation was not the registered agent for Takeda USA in Mississippi. Despite this correspondence, Plaintiff pursued and obtained a default judgment against Takeda USA in the state court. The case was then removed to federal court, and this Court set aside the default judgment. Plaintiff properly served Takeda USA on May 22, 2019.

The record suggests that Plaintiff's failure to timely serve Takeda USA is attributable to her attorney, not herself. The Court finds the initial confusion constitutes understandable mitigating circumstances. The decision to pursue a default judgment, despite the correspondence from CT corporation warning that Takeda USA had not been served, was the cause for the subsequent, substantial delay in this matter. Plaintiff's belated service of process is therefore deemed timely, and the Court finds that good cause justifies the delay.

There still remains the issue of the addition of Takeda America as named defendant in the Amended Complaint. Federal Rule of Civil Procedure 15(c)(1) governs the relation back of amendments to pleadings:

> An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Brune's Amended Complaint adds Takeda America as defendant to all of her claims, including her defamation claim. Subparts B and C of Rule 15(c)(1) are therefore relevant here.

Subpart B is satisfied because the claims against Takeda America all derive from the same conduct alleged in the original Complaint. The "notice" requirement of Rule 15(c)(1)(C)(i) does not require that the new defendant have received actual notice. *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980), *overruled on other grounds by Schiavone*, 477 U.S. at 30, *superseded by* Fed. R. Civ. P. 15(c) (1991). "[N]otice may be imputed to the new party through shared counsel." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). The notice requirement is satisfied because Takeda USA and Takeda America share the same counsel. And this notice was received within the period provided by Federal Rule of Civil Procedure 4(m) because the Court has already determined that Plaintiff was entitled to a good-cause-based extension of time to serve process.

"In addition to showing the new defendant had adequate notice, the plaintiff must show that the new defendant knew or should have known that he would have been named but for a mistake concerning his identity." *Lee v. Denoux*, No. CV 16-16072, 2019 WL 2641286, at *5 (E.D. La. June 27, 2019) (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)). Indeed, "Rule 15(c) is meant to 'correct a *mistake* concerning the identity of the party.'" *Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019) (quoting *Jacobsen*, 133 F.3d at 321) (emphasis in original). Thus, an amended complaint does not relate back "if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* (quoting *Jacobsen*, 133 F.3d at 321). The record demonstrates that Brune was perhaps mistaken as to the identity of her employer. Defendants' counsel suggested that Takeda America was, in fact, her employer. Thus, subpart C(ii) is satisfied because Takeda America knew or should have known it would have been named in this case but for a mistake (according to Defendants' counsel) in the identity of Brune's employer.

Brune has met the requirements of Rule 15(c)(1)(C) for her Amended Complaint to relate back to her original Complaint. Her defamation claim against Takeda America is therefore not time-barred.

### B. <u>Brune Fails to State a Claim</u>

A claim of defamation requires the plaintiff to establish a false statement having the capacity to injure the plaintiff's reputation, in addition to other elements. *Funderburk v. Johnson*, 935 So. 2d 1084, 1101 (Miss. Ct. App. 2006) (citing *Fulton v. Miss. Publishers Corp.,* 498 So. 2d 1215, 1216 (Miss. 1986)).

"Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." *Chalk v. Bertholf*, 980 So. 2d 290, 297 (Miss. Ct. App. 2007). This means that the complaint must "set forth the statements, paraphrased or verbatim, that constituted [defamation]." *Id.* at 298. "Without setting forth any information in the complaint regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were [defamatory], the allegation that [Defendants] made 'slanderous statements' constitutes a bare legal conclusion with no support in the complaint." *Id.*

Plaintiffs' allegation that "Clark and other unnamed employees of Defendants Takeda USA and Takeda America slandered and libeled Plaintiff's name and work ethic to other individuals and employees through their multiple communications and lies, both verbally and via email and other written communications" is a classic conclusory allegation. (Am. Compl. 8, ECF No. 29.) She provides no particulars concerning the alleged defamatory statements made about her. *See Chalk*, 980 So. 2d at 299 ("Because the complaint did not contain any information as to the substance or effect of the statements with which the appellants allege they were slandered, Bertholf and Bryant were left to . . . guess which parts of the radio show the appellants alleged slanderous in order to begin their defense.") Plaintiff has accordingly failed to state a plausible claim for defamation.

iii.   <u>Cyber Harassment</u>

Brune alleges a claim for cyber harassment or cyber bullying and points to section 97-29-45 of the Mississippi Code – a criminal statute making unlawful obscene electronic and telecommunications – as the basis for her claim.  (*See* Resp. Opp. Mot. Dismiss 10, ECF No. 39.)  Defendants argue that Mississippi law does not provide a private cause of action for violation of this statute.  Defendants have pointed to at least one federal district court case explicitly holding that "no private right of action" exists under Mississippi Code § 97-29-45.  *See Moore v. Principal Credit Corp.*, No. 4:96CV338-S-B, 1998 WL 378387, at *1 (N.D. Miss. Mar. 31, 1998).  The Court can find no other case construing § 97-29-45 in the context of a civil claim, and Brune does not cite one.

Instead, Brune asks this Court to utilize this criminal statute as the basis for a negligence per se claim.[5]  (*See* Resp. Opp. Mot. Dismiss 11, ECF No. 39 (quoting *Snapp v. Harrison*, 699 So. 2d 567, 570 (Miss. 1997).)  The negligence per se doctrine

> does not create a new cause of action.  Rather, it is a form of ordinary negligence, that enables the courts to use a penal statute to define a reasonably prudent person's standard of care.  Negligence per se arises when a legislative body pronounces in a penal statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct.
> . . .

[5] The contours of this claim are not outlined in the Amended Complaint, but Brune makes the argument in her Response in Opposition (impliedly) by citing to and quoting from *Snapp v. Harrison*, 699 So. 2d 567, 570 (Miss. 1997).  To the extent that Brune suggests *Snapp* establishes generally that a private right of action exists for violation of any Mississippi criminal statute, she is mistaken.  *Snapp* does not stand for this proposition.

> The effect of declaring conduct negligent per se is to render the conduct negligent as a matter of law.  Thus, a person whose conduct is negligent per se cannot escape liability by attempting to prove that he or she acted reasonably under the circumstances.  However, a finding of negligence per se is not equivalent to a finding of liability per se.  Plaintiffs in negligence per se cases must still establish causation in fact, legal cause, and damages.

*Williams v. Wal-Mart Stores E., L.P.*, 99 So. 3d 112, 116 (Miss. 2012) (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 589-90 (Tenn. App. 2003)).

Generally speaking, section 97-29-45 makes unlawful the act of engaging in telecommunication or electronic communication with the intent to harass, annoy, abuse, or threaten another person or their property.  *See* Miss. Code Ann § 97-29-45(1).  This statute – which punishes only acts committed with criminal intent – does not properly serve as a standard of care in a negligence action.

"[C]rimes are divided into crimes mala in se and crimes mala prohibita." *Barnes v. State*, 249 So. 2d 383, 386 (Miss. 1971).

> [T]he former class comprises those acts which are immoral or wrong in themselves, or naturally evil, such as murder, rape, arson, burglary, larceny, breach of the peace, forgery, and the like, while the latter embraces those things which are not naturally evil, but are prohibited by statute because they infringe on the rights of others, although no moral turpitude or dereliction may attach, and they are crimes only because they are prohibited by statute.

*Id.* at 386-87. (quoting 22 C.J.S. Criminal Law § 8 (1961)).  "As to acts mala in se the intent governs[,] but as to those mala prohibita the only inquiry is: Has the law been violated?"  *Deeds v. United States*, 306 F. Supp. 348, 359 (D. Mont. 1969).  Crimes mala prohibita "are [thus] in the nature of police regulations."  *Wright v.*

*State*, 236 So. 2d 408, 413 (Miss. 1970) (citing *United States v. Balint*, 258 U.S. 250 (1922)).

Actions that violate section 97-29-45 of the Mississippi Code are properly understood to be crimes mala in se. They require the intent to not only do the act – make a telephone call or send an electronic communication – but also intent that the communication harass, terrify, intimidate, annoy, abuse, or threaten another person. "Negligence per se arises when a legislative body pronounces in a *penal* statute what the conduct of a reasonable person must be." *Williams*, 99 So. 3d at 116 (emphasis added); *see also Simpson v. Boyd*, 880 So. 2d 1047, 1052 (Miss. 2004) (utilizing a city's fire prevention code as the basis for establishing negligence per se); *Haver v. Hinson*, 385 So. 2d 605, 608 (Miss. 1980) (stating that negligence per se requires "violation of a safety statute"); *Boyer v. Tenn Tom Constructors*, 702 F.2d 609, 611 (5th Cir. 1983) ("Violation of a regulatory or penal statute such as § 65-1-45 constitutes negligence per se. . . ."). Section 97-29-45 is not a penal statute or a police regulation detailing mala prohibita conduct. *Cf. Deeds*, 306 F. Supp. at 359 (finding that a Montana law prohibiting the sale of alcoholic beverages to minors and persons "actually, apparently, or obviously" intoxicated was a police regulation whose violation constituted negligence per se). It is therefore not properly utilized to determine a reasonable person's standard of care. Brune fails to state a negligence per se claim premised upon violation of Miss. Code Ann § 97-29-45.

### III. CONCLUSION

The Court has exercised its discretion under 28 U.S.C. § 1447(e) to deny Rayf Clark's joinder as a defendant in this case and determined that Brune's Amended Complaint fails to state a claim for which relief may be granted. Because Brune has only once before amended her claims and this is the first instance in which her claims have been dismissed, her claims against Takeda USA and Takeda America will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [36] Motion to Dismiss Plaintiff Jana Brune's Amended Complaint filed by Defendants Takeda Pharmaceuticals U.S.A., Inc. ("Takeda USA"); Takeda Pharmaceuticals America, Inc. ("Takeda America"); and Rayf Clark is **GRANTED**. The claims in Plaintiff's Amended Complaint are **dismissed without prejudice**. Because this is the first time Plaintiff's claims have been dismissed, Plaintiff will be granted an opportunity to amend her claims. Any second amended complaint must be filed within fourteen (14) days of the entry of this Order. Failure to timely file amended allegations will result in the entry of a final judgment in this matter.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE